**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Faustino SANCHEZ–LUGO,**
**Defendant–Appellant.**

**No. 08–51244**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 20, 2009.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM: *

Faustino Sanchez–Lugo appeals the 84–month term of imprisonment imposed for

---

* Pursuant to 5TH CIR. R. 47.5, the court has     determined that this opinion should not be

his guilty plea conviction for illegal reentry into the United States after having previously been removed. He argues that his sentence, which fell within his advisory guidelines range, is unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). Sanchez–Lugo contends that a shorter sentence was appropriate in his case because the illegal-reentry Guideline gives undue weight to a defendant's prior record, his offense was not violent, and he reentered the United States only to visit his family members.

 Relying on *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 575, 169 L.Ed.2d 481 (2007), *and Rita v. United States,* 551 U.S. 338, 347–48, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), Sanchez–Lugo contends that the appellate presumption of reasonableness accorded sentences imposed within a defendant's properly calculated advisory sentencing guidelines range should not apply to sentences that were calculated under Guidelines not derived from empirical data and national experience. However, this court has rejected that argument. *United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir. 2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009); *United States v. Mondragon–Santiago,* 564 F.3d 357, 366–67 (5th Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009). The appellate presumption of reasonableness is applicable in this case. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006).

In determining Sanchez–Lugo's sentence, the district court judge considered the advisory sentencing guidelines range, the information in Sanchez–Lugo's presentence report, and the § 3553(a) factors. The district court judge considered the arguments presented at sentencing and determined that a guidelines sentence would be appropriate. Sanchez–Lugo's arguments do not establish that the district court plainly erred or abused its discretion in imposing that sentence. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Sanchez–Lugo has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Alonzo,* 435 F.3d at 554.

The judgment of the district court is AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

